UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:21-cv-01004-JWH-PD                     Date: February 10, 2021

Title   *Emery Lee Franklin III v. B. Von Blanckensee, Acting Warden*


Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:   Attorneys Present for Respondents:

N/A                                 N/A

**Proceedings:    (In Chambers) Order to Show Cause Why Petitioner's 28 U.S.C. § 2241 Petition Should Not be Dismissed**

1.   **Introduction**

On January 29, 2021, Petitioner Emery Lee Franklin III, a federal prisoner who is confined at the United States Penitentiary at Lompoc, California, and proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Dkt. No. 1 at 2.] Petitioner contends that Respondent Acting Warden Von Blanckensee violated his rights under the Eighth Amendment to be free from cruel and unusual punishment, by failing to provide "effective and continuous treatment for Petitioner's COVID-19 symptoms" for approximately ninety days. [*Id.* at 6.] Petitioner also alleges that his due process rights were violated by Acting Warden Von Blanckensee's failure to implement a "disease control policy for the identification and isolation of prisoners with COVID-19." [*Id.* at 7.] He requests the Court to reduce his sentence to time served and grant him other relief that he may be entitled to in this proceeding. [*Id.* at 8.]

Petitioner alleges that around February 26, 2020, he was sick and went to Health Services complaining of COVID-19 symptoms, such as diarrhea, shortness of breath, fatigue, fever, irregular heartbeat, and cough. [*Id.* at 4.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-01004-JWH-PD                               Date: February 10, 2021

Title      *Emery Lee Franklin III v. B. Von Blanckensee, Acting Warden*

He alleges that the physician's assistant ordered him cough suppressant and told him, "they may not fill the order … there's nothing we can do for you … everyone is sick and you just have to ride it out." [*Id*.]  Petitioner alleges that he remained sick with coronavirus symptoms, although his fever, diarrhea, and cough became less violent after twenty-three days.  [*Id*.]

Petitioner alleges that despite knowing that "everyone is sick" and "knowing of the January 2020 planning and preparations to safeguard Lompoc Federal prisoners' health during the COVID-19 pandemic," Acting Warden Von Blanckensee did not implement a disease control policy that provided effective and continuous treatment of Petitioner's COVID-19 symptoms.  [*Id*. at 4-5.]  Petitioner further alleges that Acting Warden Von Blanckensee failed to identify and isolate prisoners with coronavirus symptoms and failed to enact "measures to prevent the spread of SARS, including appropriate educational programs for both prisoners and officials until March 2020."  [*Id*. at 5.]

According to Petitioner, Acting Warden Von Blanckensee did not respond to his July 20, 2020 grievance.  [*Id*. at 5.]  Petitioner further alleges that his request for relief to the Secretary of the Army was denied around January 8, 2021.  [*Id*.]

Petitioner alleges that Acting Warden Von Blanckensee "acted wantonly, maliciously, and willfully" and "lacked penological and/or security justification" to treat Petitioner in the manner described.  [*Id*.]

According to public records, Petitioner's projected release date is "LIFE."[1]  *See* Fed. R. Evid. 201; Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

---

[1] In 1989, Petitioner was convicted by general court-martial of premeditated murder, attempted murder, attempted rape, and felony murder in Bad Kreuznach and Mainz, Germany.  Petitioner was sentenced to a dishonorable discharge, confinement for life, total forfeitures, and reduction to Private E1.  The United States Army Court of Military Review affirmed the findings as to premeditated murder and attempted rape, and the sentence.  The United States Court of Military

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-01004-JWH-PD                               Date: February 10, 2021

Title    *Emery Lee Franklin III v. B. Von Blanckensee, Acting Warden*

### 2.   Discussion

Habeas petitions brought by federal prisoners under 28 U.S.C. § 2241 are subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254.  Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Corpus Rules"), Habeas Corpus Rule 1(b) (providing that district courts may apply the Habeas Corpus Rules to habeas petitions that are not brought under § 2254).  Accordingly, a district court may summarily dismiss a § 2241 petition before the respondent files an answer, "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief."  Habeas Corpus Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656 (2005).

### A.   The Petition Does Not Challenge Petitioner's Custody or Confinement

Federal law "opens two main avenues to relief on complaints related to imprisonment"—a petition for habeas corpus and a civil rights complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1), (3).  In general, habeas proceedings provide a forum in which to challenge the "legality or duration" of a prisoner's confinement.  *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Nettles v. Grounds*, 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc) (habeas petitions are "the exclusive vehicle" for claims that fall within "the core of habeas corpus"—that is, claims challenging "the fact or duration of the conviction or sentence.").  By contrast, a civil rights action is the "proper remedy" for a claimant asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

---

Appeals granted review and affirmed the judgment.  *United States v. Franklin*, 35 M.J. 311 (C.M.A. 1992).  [*See also* Dkt. 1 at 1-2.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-01004-JWH-PD                                         Date: February 10, 2021

Title     *Emery Lee Franklin III v. B. Von Blanckensee, Acting Warden*

      Here, Petitioner is not challenging his conviction or sentence.  [*See* Dkt. No. 1 at 2.]  Instead, Petitioner is challenging the alleged failure of Acting Warden Von Blanckensee to provide effective and continuous treatment of Petitioner while he was suffering from COVID-19 symptoms.  [*Id.* at 6-8.]  Petitioner further alleges that Acting Warden Von Blanckensee failed to implement a disease control policy for the identification and isolation of prisoners with COVID-19 and failed to enact measures to prevent the spread of SARS.  [*Id.* at 4, 7.]  Petitioner's allegations sound in civil rights, not in habeas.  Although Petitioner requests relief in the form of reducing his sentence to time served and release from prison, which is within the ambit of a writ of habeas corpus, Petitioner's claims challenge the conditions of his confinement and are properly the subject of a civil rights complaint.  *See Bolden v. Ponce*, No. CV 20-3870-JFW (MAA), 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (holding that petitioner's challenge to the conditions of his confinement during the COVID-19 pandemic should have been asserted in a civil rights complaint and not in a habeas petition, despite his request for immediate release).  To the extent Petitioner challenges his conditions of confinement or seeks damages for civil rights violations, his claims are properly brought pursuant to *Bivens v. Six Unknown Named of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

      **3.     ORDER**

      Accordingly, on or before **March 12, 2021**, Petitioner is ordered to show cause, in writing, (a) why this action should not be summarily dismissed; or (b) file a Notice of Voluntary Dismissal of the action. The Court Clerk is directed to provide Petitioner a copy of Form CV-09 – Notice of Dismissal for his convenience.

      **Failure to file a timely response to this Order as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-01004-JWH-PD                      Date: February 10, 2021

Title    _Emery Lee Franklin III v. B. Von Blanckensee, Acting Warden_

    **Finally, the Clerk is directed to provide a Central District of California Prisoner Civil Rights Complaint – Non-Pilot Project Packet Form, to Petitioner to facilitate his filing of a Complaint if he elects to proceed in that fashion. The civil rights complaint will be filed as a new action and given a new case number.**

    **IT IS SO ORDERED.**

|                                    | :        |
|------------------------------------|----------|
|                   Initials of Preparer | im   |